PROBER & RAPHAEL, A LAW CORPORATION
DEAN R. PROBER, ESQUIRE, #106207
LEE S. RAPHAEL, ESQUIRE, #180030
CASSANDRA J. RICHEY, ESQUIRE #155721
MELISSA VERMILLION, ESQUIRE #241354
JOSEPH GARIBYAN, ESQUIRE #271833
BONNI S. MANTOVANI, ESQUIRE #106353
LALEH ENSAFI, ESQUIRE #268917
JEANNETTE R. MARSALA, ESQUIRE #253125
NINA Z. JAVAN, ESQUIRE #271392
20750 Ventura Boulevard, Suite 100
Woodland Hills, CA  91364
P.O. Box 4365
Woodland Hills, CA  91365-4365
(818) 227-0100
(818) 227-0637 (facsimile)
cmartin@pralc.com
Attorneys for Bank of America, N.A.
O.026-008

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Bk. No. 2:11-bk-34167-RN |
| CHRISTOPHER SEAN REYES, | CHAPTER 11 |
| Debtor. | **STIPULATION RESOLVING CHAPTER 11 PLAN TREATMENT** |
| | Disclosure Statement Hearing:<br>Date : March 20, 2013<br>Time : 9:00 a.m.<br>Place: U.S. Bankruptcy Court<br>       255 East Temple Street<br>       Los Angeles, California 90012<br>       Courtroom 1645 |

1

This Stipulation is entered into by and between Christopher Sean Reyes (hereinafter referred to as "Debtor"), by and through his attorney of record, Henry D. Paloci; and Bank of America, N.A., its successors and assigns (hereinafter referred to as "Secured Creditor"), by and through its attorney of record, Prober & Raphael, A Law Corporation.

## **RECITALS**

Debtor is the maker of a Note in favor of Bank of America, N.A. dated September 29, 2006 and in the original principal amount of $200,800.00 (the "Note"). The Note is secured by a Deed of Trust recorded on October 6, 2006 in the County of Riverside as Document Number 2006-0741119 (the "Deed of Trust"). The Deed of Trust encumbers the property located at **745-785 West Chanslor Way, Blythe, California 92225** (the "Property"). The Note and Deed of Trust, together, comprise the indebtedness that is the subject of this Stipulation (the "Subject Loan").

A. On June 3, 2011, the Debtor filed a Chapter 11 bankruptcy petition with this Court, initiating the instant bankruptcy case, identified as Case Number 2:11-bk-34167-RN.

B. On or about July 29, 2011, Secured Creditor filed a secured proof of claim in the total amount of $201,273.48, identified as Claim Number 8.

C. On or about November 14, 2011, the Debtor filed a Motion for Order to Value Collateral Pursuant to F.R.B.P. 3012 and Reduce Lien Pursuant to 11 U.S.C. 506 (the "Motion to Value"). The Debtor and Secured Creditor entered into a Stipulation on the Motion to Value (the "MTV Stipulation"), filed as Document Number 71 on January 31, 2012, which bifurcated Secured Creditor's claim into a secured portion in the amount of $100,000.00 and an unsecured portion in the amount of $100,800.00. The Court entered an Order approving the MTV Stipulation on February 7, 2012.

///

D. On or about February 28, 2012, the Debtor filed a redlined Second Amended Plan of Reorganization (the "Second Amended Plan").

**THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS**:

1. Secured Creditor's secured claim is valued for purposes of Chapter 11 Plan Confirmation at $100,000.00, to be amortized over thirty (30) years at 5.25%, resulting in an amortized monthly payment of $552.20 as to principal and interest; this is an escrowed loan and separate variable escrow payments are required in addition to the principal and interest payments specified in this paragraph.

2. Secured Creditor shall have an unsecured claim in the amount of $100,800.00 and will receive a pro rata distribution on the unsecured portion of its claim as part of the Class of General Unsecured Creditors.

3. Debtor agrees to cure post-petition real property taxes and insurance (escrow advances) advanced by Secured Creditor over five (5) years and to make ongoing post-petition escrow payments or provide proof of direct payments on taxes and insurance in a timely manner.

4. At or near the time of Confirmation, Secured Creditor shall provide an updated post-petition amount as to escrow payments to be inserted into the Confirmation Order with respect to the post-petition escrow amounts due. As of March 1, 2013, the total of the post-petition advances is $61.82, but Secured Creditor will provide an updated amount to the Debtor pursuant to the terms of this Paragraph.

5. Secured Creditor will cast votes in favor of the Plan as to both the secured portion of its claim and the unsecured portion of its claim.

6. In the event of default of any of the provisions of this Stipulation, Secured Creditor may file and serve a Letter of Default on Debtor and Debtor's counsel. Debtor shall have fourteen (14) days from the date of mailing of said Letter of Default within which to cure the

existing breach.  A cure of the breach shall include, but not be limited to, any late charges, costs and/or advances due pursuant to the Note.  If the Debtor fails to do so, then on the fifteenth (15th) day, Secured Creditor shall serve and lodge a Declaration Re Non-Compliance, along with a final Order for Relief from the Automatic Stay.  Absent a showing that the required payments were timely tendered to and received by Secured Creditor, in good funds, the Court shall cause said Order to be entered.  Upon the entry of said Order, the Automatic Stay in the above-captioned bankruptcy proceeding shall be immediately vacated and extinguished for all purposes as to Secured Creditor, allowing Secured Creditor to proceed with foreclosure of the Property, pursuant to applicable State law.

7. Should Secured Creditor obtain relief from the automatic stay due to a breach of the terms of this Stipulation or the Order on this Stipulation, any Order for Relief from the Automatic Stay shall provide for the 14-day stay described by Bankruptcy Rule 4001(a)(3) to be waived

8. Any funds received by Secured Creditor, which are subsequently returned for non-sufficient funds, including funds received and applied prior to the terms of this Stipulation or the Order on this Stipulation, shall be subject to the default provisions contained herein.

9. In the event the instant bankruptcy proceeding is dismissed or discharged, this Stipulation, and the Order thereon, shall be terminated and have no further force or effect.

10. The Debtor and Secured Creditor agree that any objections to claims proceedings must be brought prior to confirmation of the Second Amended Plan or any subsequently-amended Chapter 11 Plan.

///

///

///

11. The Debtor and Secured Creditor agree that the terms of this Stipulation shall be incorporated into the Second Amended Plan or any subsequently-amended Chapter 11 Plan and may not be altered or amended without written consent of the parties to the Stipulation.

DATED: March 18, 2013                    PROBER & RAPHAEL, A LAW CORPORATION

                                         By /s/ Nina Z. Javan
                                         NINA Z. JAVAN, SBN 271392
                                         Attorneys for Secured Creditor

DATED:  March 18, 2013                   By_____
                                         HENRY D. PALOCI, Esquire
                                         Attorney for Debtor

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Prober & Raphael, A Law Corporation, 20750 Ventura Boulevard, Suite 100, Woodland Hills, CA 91364

A true and correct copy of the foregoing document entitled (*specify*): STIPULATION RESOLVING CHAPTER 11 PLAN TREATMENT will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 3/18/2013, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Michael W Aiken** MAiken@NBSDefaultServices.com
**Gregory J Doan** ecf@doanlaw.com
**Todd S Garan** ecfcacb@piteduncan.com
**Joseph Garibyan** cmartin@pralc.com
**Mehrdaud Jafarnia** bknotice@mccarthyholthus.com, mjafarnia@mccarthyholthus.com
**Nina Z Javan** njavan@pralc.com, cmartin@pralc.com
**Bonni S Mantovani** cmartin@pralc.com
**Christopher M McDermott** ecfcacb@piteduncan.com
**Henry D Paloci** hpaloci@hotmail.com, hpaloci@calibankruptcy.com
**Cassandra J Richey** cmartin@pprlaw.net
**United States Trustee (LA)** ustpregion16.la.ecf@usdoj.gov
**Melissa A Vermillion** cmartin@pprlaw.net
**Gilbert R Yabes** ecfcacb@piteduncan.com
**Hatty K Yip** hatty.yip@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On 3/18/2013, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/18/2013 | Stephanie Arevalo | /s/Stephanie Arevalo |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2012*  **F 9013-3.1.PROOF.SERVICE**

**2: SERVED BY U.S. MAIL**

Hon. Richard M. Neiter
U.S. Bankruptcy Court
Edward R. Roybal Federal Bldg. & Courthouse
255 East Temple Street, Suite 1652
Los Angeles, CA 90012
Judge's Copy

Christopher Sean Reyes
10941 Cardamine Place
Tujunga, CA 91042
Debtor

Gregory J. Doan, Esquire
Brothers Law Group LLP
635 Camino de los Mares, Suite 200
San Clemente, CA 92673
Attorney for Debtor

Henry D. Paloci
Henry D. Paloci III PA
2800 Camino dos Rios #101-A
Newbury Park, CA 91320
Attorney for Debtor

Office of the U.S. Trustee
Attn: Hatty K. Yip
725 S. Figueroa Street, 26th Floor
Los Angeles, CA 90017
U.S. Trustee

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**