HENRY D. PALOCI III (California State Bar No. 268970)
hpaloci@hotmail.com
Henry D. Paloci III PA
2800 Camino dos Rios #101A
Newbury Park, CA 91320
Telephone: 805.498.5500
Facsimile:  866.565.6345
Attorney for Debtor and Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No. 2:11-bk-34167-RN |
| CHRISTOPHER SEAN REYES, | Chapter 11 |
| Debtor(s). | |
| | **JOINT STIPULATION RE:** |
| | **(1) VALUATION and** |
| | **(2) TREATMENT OF CLAIM UNDER DEBTOR'S PROPOSED CHAPTER 11 PLAN.** |

Secured Creditor, BANK OF AMERICA N.A., it assignees and/or successors ("Secured Creditor") and Debtor(s), CHRISTOPHER SEAN REYES, ("Debtor") by and through their attorney's of record STIPULATE as follows:

1. The property which is the subject of this matter is commonly known as 6366 Fortuna Ave., Yucca Valley, CA 92284 ("Subject Property").  The legal description of the subject property can be found in the exhibits to Proof of Claim No. 3, filed by Secured Creditor Bank of America N.A. in this case.

2. On or about May 24, 2007 Debtor, for valuable consideration, made, executed and delivered to Secured Creditor a Note in the principal sum of $169,600.00 (the "Note").  A true and correct copy of the Note is attached hereto as "**Exhibit 1**" and incorporated herein by reference.

3. On or about May 24, 2007, Debtor made, executed and delivered to Secured Creditor[1] a Deed of Trust (the "Deed of Trust") granting Secured Creditor a security interest in the Subject Property.  The Deed of Trust was recorded on May 30, 2007, as instrument number 2007-0322526 in the Official Records of San Bernadino County, State of California  A true and correct copy of the Deed of Trust is attached hereto as "**Exhibit 2**" and incorporated herein by reference. Secured Creditor owns and holds the Note and the Deed of Trust.

4. On or about June 3, 2011, Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code and was assigned Bankruptcy Case No. 2:11-bk-34167-RN.

---

[1] Debtor granted the Note and Deed of Trust to Countrywide Home Loans Inc. Bank of America N.A. purchased the assets of Countrywide Home Loans Inc. thereafter but before the filing of this case.

5. Debtor and Secured Creditor agree that Secured Creditor shall have a secured claim in the amount of $62,000.00 ("Secured Claim") to be amortized over _30_ years at the interest rate of __5.25__ per annum[1].

6. Creditor shall have an unsecured claim in the amount of $115604.36 (the "Unsecured Claim"). Creditor shall receive, in full and final satisfaction of its Unsecured Claim, its pro rata share of the dividend issued to general unsecured creditors.

7. Commencing within 15 days of entry of an order approving this Stipulation, Debtor shall tender regular monthly payments due on the first of each month and late as of the sixteenth day of each month to Creditor for the Secured Claim of $342.37 and continuing for 30 years thereafter, when all such outstanding amount under the Secured Claim are to be paid in full. All payments made under this Stipulation will be credited to the outstanding balance due under the Secured Claim. Within 15 days of entry of an order approving this stipulation, Creditor shall notify Debtor of the regular monthly payment amount if such amount has not previously been determined.

8. Debtor shall remain liable for the property taxes and insurance on the property. At the discretion of the Secured Creditor, funds to pay taxes and insurance may be escrowed.

9. Debtor shall be permitted to use rents generated by the Subject Property to be applied towards PAYMENTS ON Secured Creditor's claim, operating expenses, and general

---

[1] The parties to this stipulation had previously entered into a stipulation as to value but not as to plan treatment or terms of repayment. This stipulation is intended to clarify the previous agreement and allow consent to plan treatment and confirmation.

maintenance expenses for the Subject Property and then towards other operational expenses of Debtor's estate.

10. Except as otherwise expressly provided herein, all remaining terms of the Note and Deed of Trust shall govern the treatment of Creditor's Secured Claim.

11. In the event of any future default on any of the above-described provisions, inclusive of this Stipulation, Creditor shall provide written notice via regular first class mail to Christopher Sean Reyes, 10941 Cardamine Place, Tujunga, CA 91042, and to Debtor's attorney of record, Henry D. Paloci, 2800 Camino dos Rios #101A, Newbury Park, CA 91320, provided the Debtor's bankruptcy is active, indicating the nature of default.  If Debtor fails to cure the default with certified funds after the passage of ten (10) calendar days from the date said written notice is placed in the mail as reflected on the certified receipt, the Automatic Stay shall terminate and Creditor may proceed to foreclose its security interest in the Subject property under the terms of the Note and Deed of Trust and pursuant to applicable state law and thereafter commence any action necessary to obtain complete possession of the Subject Property without further notice, order, or proceeding of this Court.

12. The acceptance by Creditor of a late or partial payment shall not act as a waiver of Creditor's right to proceed by motion hereunder.

13. In the event that Creditor is granted relief from automatic stay, the parties hereby stipulate that the 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.

14. In the event that the Debtor defaults under this Stipulation and Creditor forwards a 10-day letter to Debtor, he shall be required to tender $100.00 for each default letter submitted in order to cure the default.

15. At the request of the Creditor, the Debtor shall execute such documents and instruments as are necessary to reflect the Debtor as the borrower of the Secured Claim, and to modify the terms of the obligation to conform to the provisions of this Stipulation.

16. The terms of this Stipulation may not be modified, altered, or changed by the Debtor's Chapter 11 Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan and confirmation order thereon without the express written consent of the Creditor. The terms of this Stipulation shall be incorporated into the Debtor's Chapter 11 Plan and/or any subsequently filed Amended Chapter 11 Plan.

17. In the event the Debtor's case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, Creditor shall retain its lien in the full amount due under the Note, all terms on Creditor's claim shall revert to the original terms of the Note and Deed of Trust and the automatic stay shall be terminated without further notice, order, or proceeding of the court.

18. In the event the Debtor sells the Subject Property prior to confirming his Chapter 11 Plan, Creditor shall be entitled to proceeds from the sale in an amount not less than the outstanding balance owing under the terms of the Note. If the proposed sale for the Property is less than the outstanding balance owing under the Note, then Creditor's written consent must be obtained.

19. In exchange for the forgoing, Creditor accepts the Debtor's Plan.

Dated: March 20, 2013                McCarthy & Holthus, LLP


   /s/ Mehrdaud Jafarnia
Merdaud Jafarnia, Esq.
Counsel for Secured Creditor


Dated: March 20, 2013                Henry D. Paloci III PA


   /s/ Henry D. Paloci III
Henry D. Paloci III
Counsel for Debtor

Wednesday, April 3, 2013 8:52 AM

**Subject: RE: Christopher Reyes 11-34167**
**Date:** Wednesday, March 20, 2013 12:12 PM
**From:** Merdaud Jafarnia <mjafarnia@McCarthyHolthus.com>
**To:** Henry Paloci <hpaloci@calibankruptcy.com>

Our client has approved the stipulation. Please feel free to use my electronic signature.

Also, feel free to forward me the ballot so I can vote for confirmation.


Merdaud Jafarnia | *Associate Attorney* | Member State Bar of CA
McCarthy ® Holthus LLP
 m. 1770 4th Avenue  San Diego  CA 92101
  d. 619.955-1521| f. 619.685.4811
  e. Mjafarnia@McCarthyHolthus.com <mailto:seharris@McCarthyHolthus.com>
"Service Second to None"
CONFIDENTIALITY NOTICE: The information contained herein may be privileged and protected by the attorney/client and/or other privilege. It is confidential in nature and intended for use by the intended addressee only. If you are not the intended recipient, you are hereby expressly prohibited from dissemination distribution, copy or any use whatsoever of this transmission and its contents. If you receive this transmission in error, please reply or call the sender and arrangements will be made to retrieve the originals from you at no charge.
Federal law requires us to advise you that communication with our office could be interpreted as an attempt to collect a debt and that any information obtained will be used for that purpose.



**From:** Henry Paloci [mailto:hpaloci@calibankruptcy.com]
**Sent:** Saturday, March 16, 2013 7:51 PM
**To:** Merdaud Jafarnia
**Subject:** Re: Christopher Reyes 11-34167

Will this work? I took a stip we did in a similar case, used the form your office provided, and added the taxes/insurance language.

I have a hearing to approve the DS in this case Wednesday 3/20, so I would very much appreciate feedback or an executed stip before that.

Thank you,


--
Henry Paloci, Esq.
Henry D. Paloci III PA
Attorney at Law